IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GREGORY STAPLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-cv-03095 |
| | ) |
| JENNIFER MATHEW, STATE | ) |
| JOURNAL REGISTER, MICHAEL | ) |
| HARMON, MICHAEL NEWMAN, | ) |
| and CHANNEL 20 NEWS | ) |
| | ) |
| Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motions to Dismiss filed by Defendants Jennifer Mathew and Michael Harmon (d/e 14) and Defendant The State Journal-Register (d/e 18). Because Plaintiff fails to state a claim against these Defendants, the Motions to Dismiss are GRANTED. The Court also dismisses Channel 20 News pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

# I. BACKGROUND

In April 2019, Plaintiff filed a pro se complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against Jennifer Mathew, a Sangamon County assistant state's attorney (ASA Mathew); the State Journal Register; Michael Newman, a Springfield police officer (Officer Newman); Mark Harmon, a Sangamon County assistant public defender (Attorney Harmon); and Channel 20 News. On May 20, 2019, U.S. Magistrate Judge Tom Schanzle-Haskins granted Plaintiff leave to proceed in forma pauperis.

In his complaint, Plaintiff alleges that, in 2009, he was accused of criminal sexual assault of two young women while Plaintiff was a coach at a junior high school. He was sentenced to three years' imprisonment.

On June 18, 2018, Plaintiff's church had vocational bible school for adults and children. Plaintiff had a meeting with his pastor, who asked if Plaintiff could drive the church van to pick up adult and children church members. Someone complained, and a warrant was issued. Plaintiff asserts the warrant was issued for being in a park and "all this happen[ed] at [his] church which [he has] been a member for almost two years." Compl. at 6.

Plaintiff asserts that the courts have injured his character and caused physical and emotional distress to Plaintiff, Plaintiff's wife, and Plaintiff's kids. Plaintiff asserts that Officer Newman's testimony should not "stay" because, before Officer Newman was a police officer, Officer Newman was sleeping with Plaintiff's ex-wife while they were going through a divorce. Plaintiff also got into a fight with Officer Newman.

In the section pertaining to "relief requested," Plaintiff states that he wants Sangamon County investigated for "racist conviction" and to see justice come to the ones who were wrongfully convicted and imprisoned, like himself. Compl. at 7. Plaintiff also wants a change to the grand jury system, asserting that the person and the lawyer should be present. Plaintiff seeks $3 million for defamation of character, emotional distress, mental stress, psychological pain, and pain and suffering for himself, his wife, and his children.

ASA Mathew, Attorney Harmon, and The State Journal-Register have filed motions to dismiss. Officer Newman and Channel 2 News have been served but have not responded to the complaint.

ASA Mathew and Attorney Harmon move to dismiss, asserting (1) the complaint fails to provide sufficient notice of the claims asserted against them, (2) the Court lacks jurisdiction, and (3) Plaintiff cannot bring claims on behalf of others. The State Journal-Register separately moves to dismiss on the same grounds. These Defendants ask the Court to take judicial notice of Sangamon County Case No. 2018-CF-717, People v. Gregory M. Stapleton, which reflects that, on May 13, 2019, Plaintiff pled guilty to "Sex Offender Providing Services to Persons Under 18" in violation of 720 ILCS 5/11-9.3(c-7).[1] Plaintiff was sentenced to four years' imprisonment, which he is presently serving.

Plaintiff filed a response to the motion to dismiss and included additional facts. A court can consider new allegations raised in a brief that are consistent with the complaint. Help At Home Inc. v. Medical Capital, L.L.C., 260 F.3d 748, 752 (7th Cir. 2001).[2]

---

[1] The state court docket originally listed the offense as "Sex Offender in a Public Park" but the charge was amended on the date Plaintiff pleaded guilty.

[2] Plaintiff cannot, however, amend the complaint to state new claims in his response. See, e.g., Smith v. Dart, 803 F.3d 304, 311 n.4 (7th Cir. 2015).

Plaintiff responds that ASA Mathew issued a warrant for Plaintiff's arrest after Officer Newman made a report. Officer Newman testified at Plaintiff's preliminary hearing. Plaintiff contends that Officer Newman had a conflict of interest because Officer Newman purportedly slept with Plaintiff's ex-wife while Plaintiff and the ex-wife were going through a divorce and Plaintiff got in a physical fight with Officer Newman (before Officer Newman became a police officer). Plaintiff contends that Officer Newman had a conflict of interest and that his making the complaint and testifying at the preliminary hearing was "a revenge thing" against Plaintiff. Resp. at 3 (d/e 20).

Plaintiff asserts that The State Journal-Register and Channel 20 News made false statements. Plaintiff also states that The State Journal-Register and Channel 20 News broadcast what was given to them, but the facts were false.

Plaintiff claims that Attorney Harmon rendered ineffective assistance of counsel. Plaintiff states that Attorney Harmon

---

Therefore, the Court will not consider or address Plaintiff's allegations in his response about the conditions of confinement at the jail.

withdrew Plaintiff's plea without Plaintiff's permission. Plaintiff also contends that a crime was not committed because he was never in a park.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause

of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. ANALYSIS

Plaintiff fails to state a claim against ASA Mathew, Attorney Harmon, or The State-Journal Register.

ASA Mathew, Attorney Harmon, and The State Journal-Register assert that Plaintiff's complaint fails to state a claim and that the Court lacks jurisdiction. Lack of subject matter jurisdiction is different from a failure to state a claim. If the claim is against a state actor for an alleged violation of a federal right, the plaintiff is injured and seeks relief, then subject matter jurisdiction exists, even if no federal claim is actually stated. See Bovee v. Broom, 732 F.3d 743, 744 (7th Cir. 2013). It is only when a constitutional theory is so feeble that it falls outside of federal jurisdiction. Id. (citing Hagans v. Lavine, 415 U.S. 528 (1974)). The Court does not make that finding here and will resolve the Motions to Dismiss on the merits.

Plaintiff purports to bring claims under 42 U.S.C. §1983. To bring such a claim, Plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and

(2) the alleged deprivation was committed by a person acting under color of law. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). Moreover, "[a]n individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation." Wolf-Lillie v. Sonquist, 699 F.2d 864, 869 (7th Cir. 1983).

Plaintiff's claim against Attorney Harmon is dismissed. Public defenders performing traditional lawyer functions are not state actors and cannot be sued under § 1983. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff alleges Attorney Harmon committed ineffective assistance of counsel while performing traditional lawyer functions. Therefore, the claim against Attorney Harmon is dismissed.

Moreover, Plaintiff's claim against ASA Mathew for obtaining a search warrant is barred by prosecutorial immunity. Prosecutors are absolutely immune from § 1983 suits for monetary damages for conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Conduct that is intimately associated with the judicial phase of the criminal process includes acts taken in the course of

the prosecutor's role as an advocate for the State to prepare for the initiation of judicial proceedings or trial but does not include acts that are investigative and unrelated to the preparation and initiation of judicial proceedings. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993). A prosecutor is entitled to absolute immunity for appearing before a judge and presenting evidence in support of a motion for a search warrant. Burns v. Reed, 500 U.S. 478, 492 (1991). Therefore, the claim against ASA Mathew is also dismissed.

Additionally, Plaintiff fails to state a claim against The State Journal-Register. Plaintiff states in his response to the motion to dismiss that The State Journal-Register made false statements against him. To state a defamation claim under Illinois law, a plaintiff must allege that (1) the defendant made a false statement about the plaintiff; (2) the defendant made an unprivileged publication of that statement to a third party; and (3) publication of the statement damaged the plaintiff. Green v. Rogers, 234 Ill.2d 478, 491 (2009). Plaintiff does not identify the alleged defamatory statements. Without the statements, The State Journal-Register does not have fair notice of the claim. See Marron v. Eby-Brown

Co., LLC, No. 1:11-CV-2584, 2012 WL 182234, at *4 (N.D. Ill. Jan. 23, 2012) (finding the plaintiff failed to state a defamation claim where the complaint failed to specifically identify any of the alleged false statements). Therefore, the claim against The State Journal-Register is dismissed.

The Court will also dismiss, sua sponte, the defamation claim against Channel 20 News for the same reason. Pursuant to 28 U.S.C. § 1915(e)(2), when a party is proceeding in forma pauperis, the court is required to "dismiss the case at any time" upon determining that the complaint is frivolous or fails to state a claim. Channel 20 News has not responded to the complaint. However, because the complaint fails to state a claim against Channel 20 News, the Court dismisses the claim.

The Court also considers the claims against Officer Newman pursuant to § 1915(e)(2). Plaintiff appears to allege that Officer Newman gave false testimony at Plaintiff's preliminary hearing. Witnesses, including law enforcement officers, are absolutely immune for testimony at grand jury proceedings, trials, or any other adversarial pretrial hearing. Rehberg v. Paulk, 566 U.S. 356, 369 (2012) (treating law enforcement officers the same as private

witnesses); Curtis v. Bembenek, 48 F.3d 281, 285 (7th Cir. 1995) (officer was entitled to absolute immunity for his testimony at the preliminary hearing).

Plaintiff also appears to allege a false arrest claim. To state a claim for false arrest under § 1983, a plaintiff must plead that the defendant lacked probable cause for the arrest. Garduni v. Town of Cicero, 674 F. Supp. 2d 976, 984 (N.D. Ill. 2009). A liberal construction of Plaintiff's allegations is that Officer Newman falsely stated that he saw Plaintiff in the park, which led to the issuance of an arrest warrant and Plaintiff's arrest. Such allegations could state a claim for a Fourth Amendment violation. See Knox v. Smith, 342 F.3d 651, 658 (7th Cir. 2003) ("We have held in previous cases that a warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue."); Squires v. Bonnett, No. 16-3201, 2016 WL 3951036, at *3 (C.D. Ill. July 20, 2016) (noting that an officer who knowingly submits a false statement to obtain a warrant may be liable for false arrest).

Plaintiff ultimately pled guilty to Sex Offender Providing Services to Persons Under 18. Pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a state prisoner's § 1983 damages claim must be dismissed if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." However, a wrongful arrest claim does not necessarily undermine a conviction. See Manuel v. City of Joliet, 903 F.3d 67, 669 (7th Cir. 2018) (noting that claims of Fourth Amendment violations that concern pre-custody events can be litigated without awaiting vindication on the criminal charges because the claim does not deny the validity of an ensuing custody); Booker v. Ward, 94 F. 3d 10522, 1056 (7th Cir. 1996) ("noting that "a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction"). Because the Court does not have sufficient information at this point, the Court will not find Plaintiff's § 1983 false arrest claim barred by Heck at this time.

The Court also agrees with Defendants Mathew, Harmon, and The State Journal-Register that Plaintiff, a pro se litigant, cannot bring this lawsuit on behalf of his wife and children without the assistance of counsel.  See Georgakis v. Illinois State Univ., 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); Navin v. Park Ridge School Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (noting that a nonlawyer parent may not represent a child without the assistance of counsel).  The Court strikes the allegations wherein Plaintiff seeks relief on behalf of his wife and children.

Finally, Plaintiff seeks as relief an investigation of Sangamon County due to racist convictions and seeks changes to the grand jury system.  Plaintiff has failed to allege facts suggesting that he has standing to receive such relief.  To have standing, a party must have suffered an injury in fact, which is fairly traceable to the defendant's challenged conducted, and which is likely to be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  As is relevant here, there must be a "'substantial likelihood' that the relief requested will redress the

injury claimed[.]" Duke Power Co. v. Carolina Envtl. Study Grp., Inc., 438 U.S. 59, 75 n.20 (1978).

Here, an investigation of Sangamon County's convictions or changes to the grand jury system would in no way redress the alleged false arrest. In addition, Officer Newman cannot provide such relief. See McDaniel v. Bd. of Educ. of City of Chicago, 956 F. Supp. 2d 887, 892-93 (N.D. Ill. 2013) (a plaintiff seeking an injunction against a defendant must show that the defendant has the authority to effectuate the injunction). Therefore, the Court strikes Plaintiff's request for an investigation of Sangamon County and changes to the grand jury system.

## IV. CONCLUSION

For the reasons stated, the Motions to Dismiss (d/e 14, 18) are GRANTED. The claims against Defendants Jennifer Mathew, Michael Harmon, and The State Journal-Register are DISMISSED. In addition, pursuant to 28 U.S.C. § 1915(e)(2), the Court dismisses the claims against Channel 20 News. A § 1983 false arrest claim against Officer Newman remains. The Court STRIKES Plaintiff's requests for relief on behalf of his wife and children and

the requests for relief in the form of an investigation of Sangamon County and changing the grand jury system.

Courts should generally give plaintiffs one opportunity to amend the complaint. See Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). The Court will do so here. Plaintiff may file an amended complaint on or before August 20, 2019. Plaintiff is advised that an amended complaint supersedes the original complaint. The amended complaint must stand on its own without reference to any previous pleading. If Plaintiff chooses not to file an amended complaint, the case will proceed as to Officer Newman.

**ENTERED: August 7, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**