IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GREGORY STAPLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-03095 |
| | ) | |
| JENNIFER MATHEW, STATE | ) | |
| JOURNAL REGISTER, MICHAEL | ) | |
| HARMON, MICHAEL NEWMAN, | ) | |
| and CHANNEL 20 NEWS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 32) filed by Defendant Michael Newman. Pursuant to Federal Rule of Civil Procedure 12(d), the motion to dismiss has been converted into a motion for summary judgment. For the reasons stated below, Defendant's Motion (d/e 32) is GRANTED.

**I. BACKGROUND**

In April 2019, Plaintiff filed a pro se complaint (d/e 1) pursuant to 42 U.S.C. § 1983 against Jennifer Mathew, a

Sangamon County assistant state's attorney; the State Journal Register; Michael Newman, a Springfield police officer ("Officer Newman"); Mark Harmon, a Sangamon County assistant public defender; and Channel 20 News.  On May 20, 2019, U.S. Magistrate Judge Tom Schanzle-Haskins granted Plaintiff leave to proceed in forma pauperis.

On August 7, 2019, the Court dismissed Plaintiff's claims against Defendants Mathew and Harmon, the State Journal Register, and Channel 20 News for failure to state a claim.  The Court did not dismiss Plaintiff's false arrest claim against Officer Newman, however, stating that "a liberal construction of Plaintiff's allegations is that Officer Newman falsely stated that he saw Plaintiff in the park, which led to the issuance of an arrest warrant and Plaintiff's arrest. Such allegations could state a claim for a Fourth Amendment violation." D/e 21, p. 11.

When the Court issued its August 2019 Opinion, Officer Newman had not yet been personally served and had not responded to Plaintiff's Complaint.  In March 2020, Officer Newman was served, and, in May 2020, Officer Newman filed the pending Motion to Dismiss (d/e 32).  Officer Newman initially argued that Plaintiff's

Complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim. Officer Newman's Motion to Dismiss did not specifically address the issue of whether Plaintiff's Complaint stated a claim for false arrest under 42 U.S.C. § 1983. In May 2020, Plaintiff filed a Response (d/e 34) to Officer Newman's motion and attached two exhibits: a letter from Plaintiff's Pastor and an affidavit signed by Plaintiff himself.

On March 16, 2021, the Court ordered Officer Newman to file a reply brief addressing the potential false arrest claim identified in the Court's August 2019 Opinion. Thereafter, Officer Newman filed a Reply (d/e 36) in which he requested that the Court convert his Motion to Dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and grant summary judgment in his favor.

## II. FACTS

The following undisputed facts come from Plaintiff's Complaint and Response and from the docket of Sangamon County Case No. 2018-CF-717, People v. Gregory M. Stapleton, which the Court previously took judicial notice of in its August 2019 Opinion. See d/e 21, p. 4.

In 2009, Plaintiff was convicted of criminal sexual assault of two young women while working as a coach at a junior high school and sentenced to three years' imprisonment. On June 18, 2018, Plaintiff's church hosted a vocational bible school for adults and children. Plaintiff had a meeting with his pastor, who asked if Plaintiff could drive the church van to pick up church members, including both adults and children. Officer Newman either personally observed Plaintiff driving the van or saw security footage of Plaintiff driving the van. Officer Newman reported that he had witnessed Plaintiff committing a crime. Subsequently, a warrant was issued for Plaintiff's arrest. Plaintiff was arrested and pled guilty in May 2019 to "Sex Offender Providing Services to Persons Under 18" in violation of 720 ILCS 5/11-9.3(c-7). The state court docket originally listed the offense as "Sex Offender in a Public Park" but the charge was amended on the date Plaintiff pled guilty. Plaintiff was sentenced to four years' imprisonment.

### III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carrol v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Egan Marine Corp. v. Great Am. Ins. Co. of New York, 665 F.3d 800, 811 (7th Cir. 2011).

### III. ANALYSIS

**A.  Officer Newman Cannot Be Found Liable for Violating Plaintiff's Fourth Amendment Rights**

The Court's August 2019 Opinion stated that "a liberal construction" of Plaintiff's claim against Officer Newman is that "Officer Newman falsely stated that he saw Plaintiff in the park, which led to the issuance of an arrest warrant and Plaintiff's arrest." D/e 21, p. 11. Plaintiff has since clarified that this is indeed his claim. See d/e 34, ¶ 10 ("Officer Newman then files for a

warrent [sic] stating the Plaintiff was in a park"); d/e 34, exh. B ("Officer Newman knew I wasn't at no park.").

When a police officer obtains an arrest warrant from a judge on the basis of statements known by the officer to be false, as Plaintiff alleges Officer Newman did here, the officer may be liable for violating the arrested person's fourth amendment rights. See Olson v. Tyler, 771 F.2d 277, 281 (7th Cir. 1985). However, when the false statements are submitted alongside accurate information that is independently sufficient to constitute probable cause, the officer is not liable. See United States v. Williams, 737 F.2d 594, 602 n.5 (7th Cir. 1984) (Noting that, in addition to being an intentional lie, the officer's arrest-causing statement must be "material in the sense that without it, no probable cause was established"); cf. Olson, 771 F.2d at 281 (holding that an officer who submits a warrant affidavit containing false statements is liable for false arrest if "no accurate information sufficient to constitute probable cause attended the false statements").

Here, the police report filed by Officer Newman that arguably caused Plaintiff's arrest included a statement that between June 18, 2018, and June 22, 2018, Plaintiff engaged in "transporting

children to or from, attending and/or loitering around [the Vacation Bible School] program" in violation of "Illinois Statute 720ILCS5/11-9.3(c)." See d/e 36–1, p. 3. Plaintiff does not dispute that he was transporting children to and from the Vacation Bible School program on June 18, 2018. See d/e 1, p. 6; d/e 34, exh. A. Plaintiff does attempt to argue that this conduct did not violate the law. See d/e 34, exh. B (affidavit stating that Plaintiff was "abiding by law" and did not violate the Illinois Sex Offender Registration Act). However, Plaintiff was convicted of violating 720 ILCS 5/11-9.3(c) in Illinois state court. To the extent that Plaintiff's § 1983 claim necessarily implies the invalidity of his conviction, it must be dismissed as a collateral attack on the state court judgment. See Squires v. Bonnett, No. 16-3201, 2016 WL 3951036, at *3 (C.D. Ill. July 20, 2016) (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994)).

Even if the statements in Officer Newman's report about Plaintiff being near a public park were malicious lies, the report also contains an accurate description of the criminal conduct that led to Plaintiff's conviction under 720 ILCS 5/11-9.3. Plaintiff has repeatedly admitted that he undertook the actions described, and

Plaintiff cannot argue that his conduct was not felonious without collaterally attacking his underlying conviction.  Plaintiff's and Officer Newman's disagreements about how Officer Newman came to be aware of Plaintiff's conduct and what motivated Officer Newman to make his report are therefore immaterial because the accurate information included in Officer Newman's report was independently sufficient to provide probable cause for an arrest warrant.  See Williams, 737 F.2d at 602 n.5.

**B.    Officer Newman's Motion Can Be Converted into a Motion for Summary Judgment and Ruled on Without Additional Notice to Plaintiff.**

Fed. R. Civ. P. 12(d) allows federal courts to convert a motion to dismiss into a motion for summary judgment and thereby "rule upon a pretrial motion to adjudicate a case on the merits based on matters outside the complaint."  Intercon Sols., Inc. v. Basel Action Network, 969 F. Supp. 2d 1026, 1044 (N.D. Ill. 2013), aff'd, 791 F.3d 729 (7th Cir. 2015) (citing 3M Co. v. Boulter, 842 F. Supp. 2d 85, 98 (D.D.C. 2012)).  Rule 12(d) requires that all parties receive "a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  However, "formal notice" to the parties that the Court intends to convert the motion to dismiss

into a summary judgment motion is "not always required."  Nesbitt v. Jaisca, No. 07 C 2099, 2012 WL 3580660, at *2 (N.D. Ill. Aug. 17, 2012).  Where no "potentially disputed material issue of fact" exists and "both parties ha[ve] every reason to know that extraneous material was being considered," the Seventh Circuit has found that a district court's decision to convert a motion pursuant to Rule 12(d) without additional explicit notice to the parties is "not improper."  Fleischfresser v. Directors of Sch. Dist. 200, 15 F.3d 680, 684–85 (7th Cir. 1994).

Here, Officer Newman has explicitly requested that the Court utilize Rule 12(d), and Plaintiff has attached extraneous exhibits to both his Complaint and his Response to the now-converted motion.  Therefore, both parties have every reason to expect that the Court will consider extraneous materials in deciding Officer Newman's motion.  Additionally, there are no potentially disputed material issues of fact remaining that additional discovery and briefing might illuminate.  Accordingly, the Court grants Officer Newman's motion for summary judgment.

## IV. CONCLUSION

For the reasons stated, Defendant Michael Newman's Motion (d/e 32) is converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and GRANTED. Plaintiff's Complaint (d/e 1) is DISMISSED WITH PREJUDICE. The Clerk is DIRECTED to enter judgment and close this case.

**ENTERED: March 31, 2021**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**